2021 IL App (1st) 210058-U

No. 1-21-0058

Order filed December 3, 2021

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 10 CR 11391 |
| | ) | |
| FERNANDO FLORES, | ) | Honorable |
| | ) | Pamela M. Leeming, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CONNORS delivered the judgment of the court.
Presiding Justice Delort and Justice Cunningham concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court's grant of the State's motion to dismiss defendant's postconviction petition is affirmed because he lacked standing.

¶ 2    Defendant Fernando Flores appeals from the circuit court's grant of the State's motion to dismiss his petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)) at the second stage of proceedings, arguing that the petition made a substantial

showing that his trial counsel was ineffective for not informing him of the immigration consequences of his stipulated bench trial. We affirm.

¶ 3    Defendant was arrested on May 3, 2010, and charged by indictment with unlawful possession of 500 to 2000 grams of cannabis (720 ILCS 550/4(e) (West 2010)) and possession of 500 to 2000 grams of cannabis with intent to deliver (720 ILCS 550/5(e) (West 2010)).

¶ 4    Before trial, defendant filed a motion to quash arrest and suppress evidence, arguing that his detention, arrest, and the resulting search of his home and seizure of "certain property" were illegal. At a hearing on this motion on September 8, 2011, defendant testified that he was a "resident" of the United States and was "currently applying for citizenship." In March 2010, he rented a room in the basement of his parents' house on the 1600 block of South 50th Court in Cicero, Illinois, from which he conducted his t-shirt business. Only defendant had keys to a bedroom in the basement, but his parents had keys to the basement itself.

¶ 5    On March 3, 2010, police officers curbed his vehicle and informed him he had driven the wrong way on a one-way street, which defendant disputed during his testimony, though he admitted the officers ticketed him for this offense. During the traffic stop, Officer Vincent Acevez searched defendant's vehicle. The officers then arrested defendant and transported him to the police station without informing him why or whether he was officially under arrest. At the police station, the officers showed defendant personal items he kept in the basement bedroom, which suggested to him the officers had already gained access to that room. At this point, defendant consented to a search of the basement. At no time during the traffic stop did the officers say they smelled burnt cannabis, nor did defendant admit to possessing cannabis.

¶ 6 Acevez testified that he and his partner witnessed defendant travel the wrong way on a one-way street and curbed his vehicle. As Acevez approached the driver's side, he smelled burnt cannabis emanating from defendant's vehicle. Acevez informed defendant of the odor, removed him from the vehicle, and searched the vehicle, from which Acevez recovered suspected cannabis. On the scene of the traffic stop, the officers Mirandized defendant, who then admitted that he had cannabis in the basement of his parent's house and consented to a search of the basement.

¶ 7 Following argument, the trial court denied the motion. The court then stated, "why don't we get [defendant] *** 410 probation on the possession" so that "he'll be okay on that and then he'll be done and we can stop the nonsense." Trial counsel replied, "He can get the citizenship," and the court responded, "All that stuff." The State, however, refused to make defendant a plea offer of "410 probation."

¶ 8 The court informed defendant of the charges and possible sentences, and stated, "If you're not a citizen of the United States, as a result of your plea you can be deported, meaning sent out of the country." The court continued, "You would not be allowed to be naturalized. If you were outside the country, you would not [be] allowed back in." Defendant pleaded not guilty to each charge. He waived his right to a jury trial, and the matter proceeded by stipulated bench trial.

¶ 9 The State entered a stipulation that if called, Acevez would testify consistently with his testimony during the motion hearing. Acevez would also publish defendant's written statement describing "what he knew about the cannabis which was recovered from the basement." Acevez would further testify that defendant's father consented to a search of his basement, in which officers recovered plastic bags containing a "green plantlike substance," two electronic scales, "packaging material, proof of residency, and a handwritten ledger."

¶ 10    The State entered another stipulation that if called, Danielle Reed, a forensic scientist for the Illinois State Police, would testify that the substance recovered from the basement tested positive for cannabis and weighed 755 grams.

¶ 11    Defendant entered his testimony from the motion hearing.

¶ 12    Following closing arguments, the court found defendant not guilty of possession of cannabis with intent to deliver but guilty of possession of cannabis (720 ILCS 550/4(e) (West 2010)), and imposed 24 months' "410 probation" and 30 hours of community service. The court explained that if defendant successfully completed probation, he would not have a conviction on his record. Defendant did not file a motion to reconsider sentence or direct appeal. He completed his probation on December 27, 2012, and the court entered an order to this effect.

¶ 13    On March 27, 2018, defendant, through counsel, filed a postconviction petition alleging ineffective assistance of trial counsel, which he amended on June 13, 2019. Defendant alleged that he "was not fully aware of the ramifications" of the stipulated bench trial on his "ability to obtain legal permanent resident status in the United States." According to defendant, the outcome of the stipulated bench trial was "preordained," and trial counsel erroneously informed defendant the disposition would not negatively "impact his ability to become a citizen." Defendant also alleged that the trial court failed to advise him of "the immigration consequences" of the stipulated bench trial. Defendant asserted that he "exercised due diligence" in bringing his claims, as he consulted an attorney immediately upon learning of the "adverse consequences."

¶ 14    Defendant cited *Padilla v. Kentucky*, 559 U.S. 356 (2010), for the proposition that an attorney's inaccurate advice regarding immigration consequences can constitute ineffective

assistance. Defendant attached the reports of proceedings for the motion to quash arrest and suppress evidence and the stipulated bench trial.

¶ 15 Defendant's petition advanced to the second stage.[1] The State moved to dismiss, arguing that defendant lacked standing because he completed his probation, the petition was untimely and defendant did not demonstrate lack of culpable negligence, and his claims were available on direct appeal and thus forfeited. The State also maintained that defendant was found guilty after a stipulated bench trial, not a guilty plea, and thus the trial court was not required to supply immigration admonishments under section 113-8 of the Code of Criminal Procedure of 1963 (725 ILCS 5/113-8 (West 2010)), and in any event, this duty was statutory, not constitutional. Finally, the State argued that trial counsel's conduct was not objectively unreasonable, and defendant could not show prejudice because he did not describe any additional evidence he would have presented at an unstipulated trial.

¶ 16 On December 18, 2020, the circuit court granted the State's motion to dismiss, finding that the petition was untimely, defendant lacked standing, and the petition failed to make a substantial showing of a constitutional violation because counsel's advice regarding immigration consequences was not deficient.

¶ 17 On appeal, defendant argues the circuit court erred by granting the State's motion to dismiss because his petition made a substantial showing that trial counsel was ineffective for misinforming him regarding the immigration consequences of his stipulated bench trial. Defendant

---

[1] The record is unclear whether the circuit court docketed the petition for second-stage proceedings or whether it advanced by operation of law where no ruling was entered within 90 days of filing.

also argues that the trial court's admonishments were deficient for suggesting it was possible that the immigration consequences of the trial could be avoided.

¶ 18    The Act provides a mechanism for a criminal defendant to challenge a conviction on the grounds that it violates his rights under the federal or state constitutions, or both. *People v. Dupree*, 2018 IL 122307, ¶ 28. Here, the circuit court granted the State's motion to dismiss defendant's postconviction petition at the second stage of review. At the second stage, the circuit court must accept all well-pleaded facts in the petition as true, and determine whether the petition and its attachments make a substantial showing of a constitutional violation such that a third-stage evidentiary hearing is appropriate. *Id.* ¶¶ 28-29.

¶ 19    Only defendants currently "imprisoned in the penitentiary" have standing to bring claims under the Act. 725 ILCS 5/122-1(a) (West 2016). A defendant may be considered "imprisoned in the penitentiary" while on probation. See *People v. Gayden*, 2020 IL 123505, ¶ 40. For purposes of the Act, however, a defendant whose sentence is complete is not "imprisoned in the penitentiary" even if, due to the conviction, he may still be subject to deportation or other negative federal immigration consequences. *People v. Carrera*, 239 Ill. 2d 241, 253, 255-56 (2010). We review the circuit court's grant of the State's motion to dismiss a postconviction petition at the second stage *de novo*. *Id.* at 245.

¶ 20    Here, defendant's sentence of 24 months' probation and 30 hours of community service had long expired before he filed the present postconviction petition. The circuit court's order shows he completed his probation on December 27, 2012, more than five years before he filed his petition in 2018. Thus, for purposes of the Act, defendant was not "imprisoned in the penitentiary" when he filed the petition, and lacks standing to pursue a claim under the Act. *Id.* As the *Carrera* court

explained, because Illinois "has nothing to do with" federal immigration action and has "no control over the actions" of federal immigration authorities, this court cannot find that potential exposure to future negative federal immigration consequences renders a defendant "imprisoned in the penitentiary" as required to establish standing under the Act. See *id.* at 257. Accordingly, the circuit court correctly granted the State's motion to dismiss. Because defendant lacks standing to bring his claims, we do not reach their substantive merits.

¶ 21    For the foregoing reasons, the circuit court's grant of the State's motion to dismiss is affirmed.

¶ 22    Affirmed.